IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/ Respondent, <br><br> v. <br><br> JASON DEANDRE FENNELL, JR., <br><br> Defendant/ Movant. | Case No. 18-CR-49-JFH |

## OPINION AND ORDER

Now before the Court is a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (the "Motion") filed by *pro se* Defendant Jason Deandre Fennell, Jr. ("Defendant"). Dkt. No. 52. The Government filed an objection to the Motion. Dkt. No. 58. Defendant did not file a reply.

On August 28, 2006, Defendant pleaded guilty in the Northern District of Oklahoma to possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c) ("Count One"), and possession of a firearm and ammunition after former conviction of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) ("Count Three").[1] On November 22, 2006, the Honorable H. Dale Cook sentenced Defendant to 150 months of imprisonment on Count One and 120 months of imprisonment on Count Three, to be served concurrently. Dkt. No. 1-1 at 1-2. Judgment was entered on December 4, 2006.

In June of 2018, Defendant's supervision was transferred to the Eastern District of Oklahoma. Dkt. No. 1. The undersigned later revoked his supervised release on November 10, 2021, and sentenced Defendant to 24 months of imprisonment, to be followed by a 12-month term

---

[1] A brief summary of the background of the case can be found in *United States v. Fennell*, Case No. 06-CR-108-001-HDC, 553 F.Supp.2d 1303 (N.D. Okla. May 15, 2008).

of supervised release. Dkt. Nos. 21 and 22. Following his release from prison, Defendant again violated his term of supervision. On May 16, 2024, Defendant's supervised release was revoked and he was sentenced to 24 months of imprisonment. Dkt. Nos. 45 and 47.

Defendant is a 46-year-old prisoner at USP Big Sandy, a Bureau of Prisons ("BOP") facility in Kentucky.[2] His projected release date is February 6, 2026. Defendant filed the Motion on September 3, 2025. Defendant checked numerous boxes on the form, but he adds very little explanation in support of the Motion. Dkt. No. 52 at 4-6. He provided the following statement as the basis for his request:

> I have a sentence out of Oklahoma running concurrent with this sentence. I want to be released to Oklahoma so I can do my time there. My dads [sic] in a nursing home and I need to get out. I'm on the verge of being homeless if I don't get out soon.

*Id.* at 6. In addition, he provided the following statement in a different section on the form:

> I've served over 50% of my time. Plus I'm a victim of sexual assault and I'm on protective custody. I have high blood pressure and high cholesterol. I'm not getting my medication for anxiety and depression. My dad is in a nursing home because I'm not there to help provide care for him. My family needs me seriously.

*Id.* Defendant is requesting appointment of counsel. *Id.* at 2.

The First Step Act, effective December 21, 2018, authorizes a defendant to move the sentencing court for a sentence reduction for "extraordinary and compelling reasons."[3] 18 U.S.C. § 3582(c)(1)(A); *see also* First Step Act of 2018, Pub. L. No. 115-391 § 603(b), 132 Stat. 5194, 5239 (2018). The statute provides that the Court:

> *may not modify* a term of imprisonment once it has been imposed *except that . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion

---

[2] *See* BOP inmate locator, https://www.bop.gov/inmateloc/ (last visited January 15, 2026).

[3] Prior to the First Step Act, a motion for compassionate release could only be brought by the Director of the Bureau of Prisons.

> on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

In this case, the Government does not dispute that Defendant has exhausted his administrative remedies. Dkt. No. 58 at 3 n.1. The Government, however, claims the Motion does not justify granting sentencing relief. The Government notes that "[m]ost of his allegations were made by checking a box in a list of possible reasons on a standard form." *Id*. at 7. The Government points out, in relevant part, that Defendant "does not explain why he is the only family member available to provide care" for his father in the nursing home. *Id*. at 8. Moreover, according to the Government, "the father is not in current danger if he is being cared for in a nursing home where care professionals would be responsible supporting the father's daily activities and arranging medical attention when needed." *Id*. Next, insofar as Defendant checked the box alleging a need for Defendant to care for a child, the Government notes Defendant "provides no detail about any minors or incapacitated adult children who need [Defendant's] assistance or supervision." *Id*. Regarding his claim that he is a victim of abuse in prison, the Government points out that "Defendant provides no detail or supporting documentation . . . and does not address how his attack would require or support early release." *Id*. With respect to Defendant's claim that he is serving an unusually long sentence, the Government notes that he "does not even attempt to explain how his 24-month sentence on a second revocation can be considered unusually long." *Id*. In addition, the Government argues that Defendant's "health problems are not sufficiently serious to constitute a reason for early release." *Id*. at 9. Lastly, the Government claims the factors under 18 U.S.C. § 3553(a) do not support Defendant's request for release. *Id*.

It appears from the record that this Court has authority to consider modification of Defendant's sentence. Defendant contends he submitted a request for compassionate release to

3

the warden of his facility on May 21, 2025. Dkt. No. 52 at 3. Defendant's Motion was filed with the Court on September 3, 2025. The Government does not dispute that Defendant has exhausted his administrative remedies. The Court therefore considers the Motion on the merits.

The Tenth Circuit Court of Appeals reviewed the history and text of 18 U.S.C. § 3582(c)(1)(A)(i) and provided the following guidance to courts considering compassionate-release motions:

> Under the plain language of the statute, a district court may thus grant a motion for reduction of sentence, whether filed by the Director of the BOP or a defendant, only if three requirements are met: (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable.

*United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021); *see also United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).

In 2023, the United States Sentencing Commission amended its Policy Statement governing motions for compassionate release in U.S.S.G. § 1B1.13. In summary, U.S.S.G. § 1B1.13 sets forth several specific extraordinary and compelling reasons which may form—individually or in combination—the basis to reduce a sentence:

(1) certain medical circumstances of the defendant;
(2) age of the defendant coupled with health issues;
(3) certain family circumstances of the defendant;
(4) whether the defendant was a victim of sexual or physical abuse while in custody;
(5) any other circumstances (or a combination of circumstances) "similar in gravity" to (1)–(4); and
(6) if defendant received an unusually long sentence.

U.S.S.G. § 1B1.13.

As mentioned above, Defendant checked numerous boxes on the form (and he is therefore alleging a claim under many of the subsections of U.S.S.G. § 1B1.13), but he adds very little

explanation in support of the Motion. Dkt. No. 52 at 4-6. The Government contends that "[n]one of the grounds alleged by Defendant are sufficient to show an extraordinary and compelling reason for relief." Dkt. No. 58 at 7. The Court agrees with the Government.

Defendant alleges that he has high blood pressure and high cholesterol and is "not getting [his] medication for anxiety and depression." Dkt. No. 52 at 6. The BOP medical records show that Defendant suffers, in part, from hypertension, hyperlipidemia, unspecified depressive disorder, and unspecified anxiety disorder. Dkt. No. 58-2 at 1-2. Still, Defendant provides no evidence that he has been prescribed medication for anxiety and depression. The BOP medication summary shows Defendant is prescribed medication for other medical conditions (e.g., hypertension and hyperlipidemia), and it appears the BOP has provided reasonable and responsive care for his medical conditions. Dkt. No. 58-2 at 1-5. In other words, Defendant has not shown that he is suffering from a serious physical or medical condition, or serious functional or cognitive impairment, or experiencing deteriorating physical or medical health because of the aging process, that substantially diminishes the ability of Defendant to provide self-care within the environment of a correctional facility. U.S.S.G. § 1B1.13(b)(1)(B). Furthermore, insofar as Defendant checked a box to make a claim under U.S.S.G. § 1B1.13(b)(1)(D), Defendant fails to show that he is housed at a correctional facility affected or at imminent risk of being affected by an ongoing outbreak of infectious disease or an ongoing public health emergency.[4]

---

[4] *See, e.g., United States v. Davis*, No. 24-3164, 2025 WL 1000344, at *4 (10th Cir. Apr. 3, 2025) (unpublished) ("[N]o federal, state or local authority has declared a public health emergency in relation to COVID-19 since May 11, 2023, when the federal public health emergency for COVID-19 ended. . . . Because [Defendant] fails to show any ongoing outbreak of COVID-19 in his prison or any ongoing public health emergency, his medical conditions do not qualify as extraordinary and compelling reasons under [U.S.S.G.] § 1B1.13(b)(1)(D).").

Defendant also seeks compassionate release based on family circumstances. Defendant checked a box to assert a claim under U.S.S.G. § 1B1.13(b)(3)(A), but he provides no information as to why his child needs a caregiver.[5] Defendant also alleges that his father is in a nursing home. Defendant does not explain, however, why he should be released to provide care for his father, and he has not shown that he is the only available caregiver for his father. U.S.S.G. § 1B1.13(b)(3)(C).

Defendant also checked a box to make a claim under U.S.S.G. § 1B1.13(b)(4), stating that he is "a victim of sexual assualt and . . . on protective custody." Dkt. No. 52 at 5-6. As noted by the Government, Defendant does not provide any details or supporting documentation regarding the claim. Nor does he explain why such assault would require or support immediate release.

Next, Defendant checked a box to assert a claim under the catch-all provision of U.S.S.G. § 1B1.13(b)(5). On the one hand, Defendant claims he is "on the verge of being homeless if [he does not] get out soon," but he also informs the Court that he has "a sentence out of Oklahoma running concurrent with this sentence" and wants to be released so he can finish his time in Oklahoma. Dkt. No. 52 at 6. The undersigned concludes that there is no extraordinary and compelling reason for compassionate release under U.S.S.G. § 1B1.13(b)(5).

In addition, Defendant checked a box to assert a claim under U.S.S.G. § 1B1.13(b)(6), and he notes in passing that he has served over 50% of his time. Dkt. No. 52 at 5-6. U.S.S.G. § 1B1.13(b)(6) states that extraordinary and compelling reasons can exist based on unusually long sentences:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the

---

[5] In his proposed release plan, Defendant lists his 21-year-old daughter as someone who could assist Defendant with his medical needs. Dkt. No. 53 at 4.

sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Defendant was sentenced to 24 months of imprisonment on May 16, 2024. The Motion was filed on September 3, 2025. As noted by the Government, "Defendant does not even attempt to explain how his 24-month sentence on a second revocation can be considered unusually long," and "[h]e does not attempt to identify any disparity in his sentence or explain why it is unfair." Dkt. No. 58 at 8. Defendant did not receive an unusually long sentence, and he has failed to show that a change in law produces a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed.

Lastly, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *McGee*, 992 F.3d at 1043 (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)). As stated above, the Court does not find extraordinary and compelling reasons warranting compassionate release. The Court does not need to address whether the factors under 18 U.S.C. § 3553(a) support Defendant's request for compassionate release.

Defendant's request for counsel is DENIED.[6] Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) [Dkt. No. 52] is DENIED.

---

[6] There is no right to counsel in sentence-reduction proceedings. *See United States v. Williams*, 848 Fed.Appx. 810, 813-14 (10th Cir. 2021) (unpublished) (citing *United States v. Olden*, 296 Fed.Appx. 671, 674 (10th Cir. 2008) (unpublished)); *see also Coronado v. Ward,* 517 F.3d 1212, 1218 (10th Cir. 2008) ("There is no constitutional right to counsel beyond the direct appeal of a criminal conviction . . . .").

Dated this 15th day of January 2026.

                                                                                _____
                                                                                JOHN F. HEIL, III
                                                                                UNITED STATES DISTRICT JUDGE